UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE BOROVOY, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:22-cv-6302 ) ) |
| v. | ) ) |
| BEYOND MEAT, INC., | ) ) |
| Defendant. | ) ) |

NOTICE OF REMOVAL
OF BEYOND MEAT, INC.

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Beyond Meat, Inc. ("Beyond Meat"), by and through its counsel, hereby gives notice of removal of this action from the Circuit Court of the Eighteenth Judicial Circuit, County of DuPage, Illinois to the United States District Court for the Northern District of Illinois:

I. **FACTUAL BACKGROUND**

1. On September 30, 2022, Christine Borovoy ("Plaintiff") filed a Complaint in the Circuit Court of the Eighteenth Judicial Circuit, County of DuPage, Illinois, captioned Borovoy v. Beyond Meat, Inc., Case No. 2022LA000862 (DuPage Cty., Ill. Cir. Ct.). A copy of the Complaint is attached hereto as Exhibit 1. Plaintiff has not yet served the Complaint on Beyond Meat.

2. Plaintiff alleges that she is "a resident and citizen of Illinois, residing in Freeport, Illinois." Compl. (Ex. 1) at ¶ 8.

3. Plaintiff alleges that Beyond Meat "is a publicly traded Delaware Corporation with its headquarters in El Segundo, California, and is registered as a foreign corporation in the State of California." Compl. (Ex. 1) at ¶ 9.

4. The Complaint alleges that Beyond Meat's product labels and related marketing claims for certain products (the "Products") are false and misleading, because Beyond Meat purportedly miscalculates and overstates the Products' protein content, miscalculates and overstates the quality of the protein found in the Products and misleads customers into believing that the Products provide equivalent nutritional benefits to that found in traditional meat-based products. See Compl. (Ex. 1) at ¶ 3.

## II. GROUNDS FOR REMOVAL

5. This case is removable, and this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441 and 28 U.S.C. § 1453, because (1) this case is a putative class action with more than 100 members in the proposed class, (2) there is minimal diversity, because Beyond Meat and at least one member of the proposed class are citizens of different states and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate.

### A. The Proposed Class Readily Exceeds 100 Members

6. For purposes of removal, CAFA requires that the proposed class consists of at least 100 members. See 28 U.S.C. § 1332(d)(5). Plaintiff defines the proposed class as "[d]uring the fullest period allowed by law, all persons in the United States who purchased any of the Products for personal use and not for resale within the United States." See Compl. (Ex. 1) ¶ 63.

7. Plaintiff also seeks to represent a "Consumer Fraud Multi-State Class," defined as "[d]uring fullest period allowed by law, all persons in the States of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington who purchased the Products for personal use and not for resale." See Compl. (Ex. 1) ¶ 63.

2

8. Plaintiff also seeks to represent an "Illinois State Class," defined as "[d]uring fullest period allowed by law, all persons in the State of Illinois who purchased the Products for personal use and not for resale." See Compl. (Ex. 1) ¶ 63.

9. Plaintiff alleges on information and belief that "members of the Class number in the thousands." See Compl. (Ex. 1) ¶ 68. The proposed class for purposes of removal therefore includes more than 100 members. Accordingly, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### B. There Is Clearly Minimal Diversity Among The Parties

10. For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity, and a defendant need only show that "any member of a class of plaintiffs is a citizen of a State different from any defendant." See 28 U.S.C. § 1332(d)(2)(A).

11. According to the Complaint, Plaintiff is a "resident and citizen of Illinois." See Compl. (Ex. 1) ¶ 8. Accordingly, Plaintiff is a citizen of the State of Illinois for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1). In addition, Plaintiff seeks to represent a national class, multi-state class and class of Illinois residents. See Compl. (Ex. 1) ¶ 63.

12. Beyond Meat is a Delaware corporation with its principal place of business in California. See Compl. (Ex. 1) ¶ 2. Accordingly, Beyond Meat is a citizen of the State of Delaware and the State of California for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

13. Diversity of citizenship thus exists between Plaintiff and Beyond Meat or, alternatively, between at least one other member of the proposed class and Beyond Meat, and removal is proper. See 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount In Controversy Exceeds $5 Million

14. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or

value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 81 (2014).

15. Plaintiff alleges that the class is entitled to compensatory, statutory and punitive damages. See Compl. (Ex. 1) Prayer for Relief § d.

16. Plaintiff further alleges that the proposed class is entitled to restitution of the "revenues derived from Plaintiff and Class Members' purchases of the Products." See Compl. (Ex. 1) ¶¶ 118, 121. Plaintiff alleges that in Illinois alone, Beyond Meat "has sold thousands, if not millions, of Products." See id. ¶ 101. Taking Plaintiff's factual and legal allegations as correct, the amount in damages in the aggregate placed in controversy thus readily exceeds $5,000,000.

17. Beyond Meat denies any and all liability and contends that Plaintiff's allegations are entirely without merit. For purposes of this Notice of Removal, however, taking Plaintiff's factual and legal allegations as true, the amount in controversy readily exceeds $5,000,000, exclusive of interest and costs and satisfies the amount-in-controversy requirement of CAFA. See 28 U.S.C. § 1332(d)(2). Sales of the Products at issue in Plaintiff's Complaint in the states encompassed by the claims of Plaintiff's proposed classes far exceed $5,000,000 exclusive of interest and costs.

### III.   COMPLIANCE WITH REMOVAL STATUTE

18. The Notice of Removal was properly filed in the United States District Court for the Northern District of Illinois, because the Circuit Court of the Eighteenth Judicial Circuit, County of DuPage, Illinois is located in this federal judicial district. See 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

19. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1446(a).

20. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibit 1 is a true and correct copy of the Complaint as filed. No service of process, pleadings or orders have yet been served upon Beyond Meat. See Compl. (Ex. 1). Beyond Meat has not filed an answer or other response to the Complaint in the Circuit Court of the Eighteenth Judicial Circuit, County of DuPage, Illinois, prior to removal and is not aware of any currently pending motion filed in that court.

21. Plaintiff has not formally served process, such that the Complaint has not yet been served on Beyond Meat. See, e.g., Hill Food Serv. Consulting, Inc. v. Chicago Cook Workforce P'ship, 2017 WL 11566393, at *1 (N.D. Ill. Sept. 26, 2017); Dultra v. U.S. Med. Home, Inc., 2014 WL 1347107 (N.D. Ill. Apr. 4, 2014). This Notice of Removal is thus timely under 28 U.S.C. § 1446(b)(1).

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, is also being filed with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit, County of DuPage, Illinois today.

23. Beyond Meat reserves the right to amend or supplement this Notice of Removal. Beyond Meat further reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 23.

### IV. CONCLUSION

Beyond Meat respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent additional

proceedings in this matter in the Circuit Court of the Eighteenth Judicial Circuit, County of DuPage, Illinois. Beyond Meat further requests such other relief as the Court deems appropriate.

Dated: November 10, 2022

Respectfully submitted,

/s/ *Robin M. Hulshizer*
Robin M. Hulshizer, one of the Attorneys for Defendant Beyond Meat, Inc.

Mark S. Mester (Illinois Bar No. 6196140)
  mark.mester@lw.com
Robin M. Hulshizer (Illinois Bar No. 6230994)
  robin.hulshizer@lw.com
Renatta A. Gorski (Illinois Bar No. 6332737)
  renatta.gorski@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

## **CERTIFICATE OF SERVICE**

I, Robin M. Hulshizer, hereby certify that I caused a copy of the foregoing to be served on the parties listed below, by prepaid, First Class United States mail, on November 10, 2022.

| | |
|---|---|
| Gary M. Klinger<br>Russell Busch<br>MILBERG COLEMAN BRYSON<br>   PHILLIPS GROSSMAN, PLLC<br>227 W. Monroe Street, Suite 2100<br>Chicago, Illinois 60606<br>Telephone: (866) 252-0878<br>Email: gklinger@milberg.com | Nick Suciu III<br>MILBERG COLEMAN BRYSON<br>   PHILLIPS GROSSMAN, PLLC<br>6905 Telegraph Road, Suite 115<br>Bloomfield Hills, Michigan 48301<br>Telephone: (313) 303-3472<br>Email: nsuciu@milberg.com |
| Daniel K. Bryson<br>J. Hunter Bryson<br>MILBERG COLEMAN BRYSON<br>   PHILLIPS GROSSMAN, PLLC<br>900 W. Morgan Street<br>Raleigh, North Carolina 27603<br>Telephone: (919) 600-5000<br>Email: dbryson@milberg.com | Jonathan Shub<br>SHUB LAW FIRM LLC<br>134 Kings Hwy E, 2nd Floor<br>Haddonfield, New Jersey 08033<br>Telephone: (856) 772-7200<br>Email: jshub@shublawyers.com |

Dated: November 10, 2022
                                              /s/ *Robin M. Hulshizer*
                                              Robin M. Hulshizer, One of the Attorneys for
                                              Defendant Beyond Meat, Inc.

                                              Robin M. Hulshizer (Illinois Bar No. 6230994)
                                              LATHAM & WATKINS LLP
                                              330 North Wabash Avenue, Suite 2800
                                              Chicago, Illinois 60611
                                              Telephone: (312) 876-7700
                                              Facsimile: (312) 993-9767
                                              Email: robin.hulshizer@lw.com